UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

**YU LEYA**,

Plaintiff,

– against –

**ALEJANDRO MAYORKAS, UR M. JADDOU, AND PATRICIA A. MENGES**,

Defendants.

-------------------------------------------------------------- X

**MEMORANDUM AND ORDER**

24-CV-3980 (AMD)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff filed this immigration action on June 3, 2024. The plaintiff seeks a writ of mandamus compelling the defendants to adjudicate his I-589 application for asylum, pursuant to 28 U.S.C. § 1361. (ECF No. 1.) On June 18, 2024, the plaintiff's counsel filed proof of service of summons to the defendants via certified mail. (ECF No. 6.)

The defendants did not answer or otherwise respond to the complaint, so the Court extended their time to respond to October 7, 2024, and directed the Clerk of Court to serve a copy of the order, as well as the plaintiff's complaint, on the United States Attorney for the Eastern District of New York. (*ECF Order dated Sept. 5, 2024*.) The defendants did not respond.

On October 22, 2024, the Court ordered the plaintiff to update the Court on the status of the case by November 1, 2024. (*ECF Order dated Oct. 22, 2024*.) When this deadline passed, the Court ordered the plaintiff to show cause why the case should not be dismissed for lack of prosecution by November 26, 2024. (*ECF Order dated Nov. 12, 2024*.) On December 2, 2024, the Court *sua sponte* extended the plaintiff's deadline to show cause to December 13, 2024. (*ECF Order dated Dec. 2,2024*.) To date, the plaintiff has not shown cause or otherwise

responded to the Court's orders. More than six months have elapsed since he last took any action in the case.

**DISCUSSION**

"Under [Fed. R. Civ. P. 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion." *Storylines Glob. Inc. v. Fong*, No. 24-CV-05825, 2024 WL 4700019, at *1 (S.D.N.Y. Nov. 6, 2024) (quoting *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). "Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *Stennett v. New York City Admin. for Children's Servs.*, No. 21-CV-1069, 2023 WL 3204050, at *1 (E.D.N.Y. May 2, 2023) (quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)).

In this circuit, courts evaluating whether to dismiss for failure to prosecute consider five factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether the defendant was likely to be prejudiced by further delay; (4) whether the need to alleviate court calendar congestion outweighs the plaintiff's right to have his day in court; and (5) whether lesser sanctions would be appropriate. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In this analysis "[n]o one factor is dispositive," and courts "must review the dismissal in light of the record as a whole." *Id.*

As for the first factor, the Court concludes that "the failures to prosecute were those of the plaintiff," and that "these failures were of significant duration." *Id.* at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)). The plaintiff has taken no action in this case since June 2024. The plaintiff has not responded to any of the Court's orders or otherwise moved against the defendants.

The second and third factors — notice of dismissal to the plaintiff and prejudice of delay to the defendant — also favor dismissal. The Court twice ordered the plaintiff to show cause "why this matter should not be dismissed for lack of prosecution," (*ECF Orders dated Nov. 12 and Dec. 2, 2024*); the Court has notified him that it was considering dismissing the case. Additionally, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). The plaintiff has not moved this action forward since June 2024. Although the defendants have not appeared or answered the complaint, prejudice can still be presumed. *Stoenescu v. Jablonsky*, 162 F.R.D. 268, 271 (S.D.N.Y. 1995) (finding that prejudice can be presumed from unreasonable delay even where several defendants did not file answers to the complaint).

The Court must also balance "calendar congestion and the plaintiff's right to an opportunity to be heard." *Norden Sys., Inc.*, 375 F.3d at 257. While the Court "must not let its zeal for a tidy calendar overcome its duty to do justice,'" *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (quoting *Winston v. Prudential Lines, Inc.*, 415 F.2d 619, 621 (2d Cir. 1969)), the fact that the plaintiff "repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court," *Feurtado*, 225 F.R.D. at 480 (citing cases). Accordingly, this factor weighs against him.

The final factor is "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." *Norden Sys., Inc.*, 375 F.3d at 257. A court confronted with a plaintiff's "continued disregard for the district court's orders" can properly conclude "that no less drastic sanctions, short of dismissal, would be effective." *Yadav v. Brookhaven Nat. Lab'y*, 487 F. App'x 671, 673 (2d Cir. 2012); *see also Stennett*, 2023 WL 3204050, at *2 ("A lesser sanction [than dismissal] is unlikely to remedy the prejudice resulting from [the plaintiff's] delays and failure to comply with court orders.")

Although dismissal is warranted, the Court "opt[s] to dismiss without prejudice as a less prejudicial from of relief than dismissing with prejudice," allowing the plaintiff "to refile [his] suit and diligently prosecute [his] claims if [he] so wishes." *Stennett*, 2023 WL 3204050, at *2.

**CONCLUSION**

For these reasons, the Court concludes that plaintiff has abandoned this action. Accordingly, the plaintiff's complaint is dismissed for failure to prosecute without prejudice to refile.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
January 6, 2025